UNITED STATES of America,
Appellee,

v.

Diveller TODD III, Defendant–
Appellant.

No. 04–0974.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2004.

Marc Litt, Assistant United States At-torney, for David N. Kelley, United States Attorney for the Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Appellee.

Vincent L. Briccetti, Briccetti, Calhoun & Lawrence, White Plains, NY, for Defen-dant–Appellant.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. MCLAUGHLIN, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Diveller Todd III appeals from a conviction for possession, with intent to distribute, of more than five grams of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B). Todd was arrested for trespassing under N.Y. Penal Law § 140.05. During a search incident to that arrest, nine grams of crack cocaine were found in his pockets. He subsequently admitted that the narcotics were his and were intended for distribu-tion. After a pre-trial suppression hear-ing, the district court (McMahon, J.) deter-mined that the arresting officers lacked probable cause for a trespassing arrest.

However, according to the district court, the officers had probable cause to arrest for a different offense—unauthorized use of a motor vehicle, in violation of N.Y. Penal Law § 165.05(1). As a result, the district court declined to suppress the evidence. Todd now argues that, because trespassing and unauthorized use of a motor vehicle are not closely related offenses, the district court erred by admitting the crack cocaine and his incriminating statements.

During the suppression hearing, and again when requesting reconsideration of the district court's suppression ruling, Todd did not object to the government's claim that his arrest was lawful if it was supported by probable cause for any arrest offense. He has therefore forfeited the argument he now advances, and we review his claim for plain error. *See, e.g., United States v. Brown,* 352 F.3d 654, 664 (2d Cir.2003). With the exception of "the rare case," *id.* at 665 n. 10, we will not deem an error "plain" unless the district court's decision contravenes a clearly established circuit precedent, *see United States v. Weintraub,* 273 F.3d 139, 152 (2d Cir.2001), and we will be especially reluctant (though not universally unwilling) to declare an error "plain" if our sister circuits are in disagreement on the issue, *see United States v. Gore,* 154 F.3d 34, 43 (2d Cir.1998).

Our circuit has never directly addressed the merits of Todd's argument. While Todd draws support from several circuit court decisions, *see Alford v. Haner,* 333 F.3d 972, 976 (9th Cir.2003), *cert. granted sub nom. Devenpeck v. Alford,* —— U.S. ——, 124 S.Ct. 2014, 158 L.Ed.2d 490 (2004); *United States v. Reed,* 349 F.3d 457, 462 (7th Cir.2003); *Sheehy v. Plymouth,* 191 F.3d 15, 19–20 (1st Cir.1999); *Vance v. Nunnery,* 137 F.3d 270, 273–77 (5th Cir.1998); *United States v. Rambo,* 789 F.2d 1289, 1294 (8th Cir.1986), the government's contrary position enjoys similar support, *see Lee v. Ferraro,* 284 F.3d 1188, 1195–96 (11th Cir.2002); *United States v. Bookhardt,* 277 F.3d 558, 564–65 (D.C.Cir.2002); *Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994). Given the uncertainty surrounding this question, we do not believe that, even if the district court's decision was erroneous, the error was plain. *See United States v. Ingenito,* 531 F.2d 1174, 1176–77 (2d Cir. 1976) ("[T]he validity of the legal rule for which appellant contends is, as shown above, in sharp dispute.... Under these circumstances, although we express no view on the merits of appellant's basic legal contention, we do not see how we can find that the district judge committed plain error here.").

Todd also claims, as he did below, that the officers lacked probable cause to arrest him for the unauthorized use of a motor vehicle. We reject this argument for substantially the reasons expressed by the district court.

We have considered all of Todd's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.